No. 11,355.

STATE OF LOUISIANA VS. J. ECKENDORF.

A person engaged in the trade, business or calling of baking bread, in which he exclusively deals, is not a manufacturer in the sense of Art. 206 of the Constitution, and is not entitled to constitutional immunity from the payment of a license tax.

APPEAL from the Second City Court of New Orleans.
Morel, J.

E. H. McCaleb Jr., and John St. Paul for Plaintiff and Appellant.

Defendant unrepresented.

The opinion of the court was delivered by

WATKINS, J.    This is a proceeding by rule, taken on the part of the tax collector of the second district of the City of New Orleans against the defendant, to compel him to show cause why he should not pay a license of $50 to the State for the privilege of conducting the business of a bakery, or retail dealer, the gross receipts of which exceed the sum of $5000 annually; and also for interest at the rate of 2 per cent. per month from and after the 1st of March, 1893; and 5 per cent. attorney's fees.

The respondent appeared and answered that he was a manufacturer and a mechanic, dealing exclusively in his own wares, and is therefore exempt from the payment of a license under Àrt. 206 of the Constitution.

The evidence is that the respondent is a baker and sells *only* the bread of his own bake.    That bread is made from flour, the dough being prepared from yeast and salt and required an experienced hand to bake it properly.

In the court below there was judgment in favor of the defendant, sustaining his exemption from paying license as a manufacturer of bread, and the plaintiff has appealed.

It is difficult for us to perceive the ground for such a contention as that of the respondent, or the opinion of the judge *a quo.*

The Constitution declares that "all persons  *  *  pursuing any trade, profession, business or calling, may be rendered liable to such tax," except "those engaged in mechanical pursuits"  *  *  and "*manufacturers* other than those of distilled, alcoholic or malt liquors."    Art. 206.

Is the defendant in rule entitled to exemption on the ground that he is a manufacturer of bread?

The general rule, one always observed by courts of justice in construing exemptions of persons or property from taxation, is that the party claiming the benefit of such exemption must bring himself within its plain and evident intendment, otherwise his liability to the license or tax will be maintained and enforced.

In City vs. Mannessier, 32 An. 1075, we said that "we can not assent to the proposition that a person making and selling ice cream is a manufacturer in the sense of the law, or in any other sense of the word."

The process of making and baking bread can not be possibly distinguished from that of making ice cream.

For the purpose of fully illustrating our views in this respect, the cases of City vs. LeBlanc, 35 An. 747; City vs. Ernst, 34 An. 597; and State vs. Dupre, 42 An. 561, may be considered.

The principles of the Mannessier case were examined and approved in the case of City vs. New Orleans Coffee Company, Limited, 46 An. *ante.*, p. 87.

The judgment appealed from should be reversed and the plaintiff's rule made absolute.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is further ordered and decreed that the plaintiff's rule be made absolute at the cost of respondent in both courts.