## No. 11,566.

STATE OF LOUISIANA VS. AMERICAN BISCUIT MANUFACTURING
COMPANY.

A person or corporation engaged in the manufacture of new articles of commerce, such as crackers, fancy soup and Italian paste, from flour, is exempt, under Art. 206 of the Constitution, from a license tax.

APPEAL from the Civil District Court for the Parish of Orleans. King, J.

---

E. Howard McCaleb, Jr., for Plaintiff and Appellant.

---

Thomas J. Semmes for Defendant and Appellee.

---

The opinion of the court was delivered by

MCENERY, J. This is a suit to collect a license from the defend-ant company. The defence is exemption from the payment of the license under Art. 206 of the Constitution. There was judgment for defendant, from which the State Tax Collector appealed.

The defendant company manufactures products out of flour, such as crackers, biscuits, Italian paste, etc. From one hundred and

sixty to one hundred and seventy-five different varieties are manufactured. Soup paste is also produced by the factory, and fifteen kinds of fancy paste. No bread, such as is commonly known as baker's bread is manufactured.

From two hundred and fifty to three hundred employés work in the factory. The articles manufactured are shipped over a territory of twenty-five hundred square miles, and the annual sales amounted to four hundred and forty-one thousand three hundred and five dollars and thirty-seven cents in 1891, and four hundred and eighty-nine thousand eight hundred and forty-six dollars and thirty-two cents in 1893. The process of manufacture is, that the flour leaves the barrels and passes through a powder sifter, thence into a powder mixer, from this into a dough box on tracks and is worked into two different kinds of dough; goes into a cutting machine, and finally into the oven, from which the complete articles are taken, boxed and shipped. The material is handled exclusively by machinery.

From this statement it will readily be perceived that the establishment is a manufactory in which raw materials are made into wares suitable for use. There are new shapes, new combinations, new qualities given to the raw material by the process of manufacturing the article from the original material. The State of Louisiana vs. Dupre & Hearsey, 42 An. 561.

Our attention is directed to the cases of State vs. Eckendorf, 46 An. 131, and City vs. Mannessier, 32 An. 1075.

In the first case the exemption claimed was for the production of baker's bread. The baker produced no new article from the original material. He only prepared the manufactured article, flour, for consumption by cooking it. And in the second case the defendant was a confectioner, selling ice cream which he made. The court said: "The attempt to magnify a confectionery into a manufacture must fail." There is certainly no similarity between the business of defendants and the confectionery of the defendant in the case of City vs. Mannessier, 32 An. 1075, above referred to.

In the case of City of New Orleans vs. New Orleans Coffee Company, Limited, 46 An. 86, also referred to by the plaintiff, the defendant corporation did not claim that it was a manufacturer by changing the coffee into a new article, but claimed exemption simply from the fact of manipulating the ground coffee by a secret process so as to change its taste and flavor.

11

In the instânt case the identity of the original material is lost in the new articles created in the change of shape, new qualities and new combinations, which enter into their composition, which render them suitable for use in an entirely different manner from the manner in which the original material could be used. Simply baking the flour in the manner employed by bakers would not make the crackers, the fancy paste, the soup paste, Italian paste, macaroni, vermicelli, etc.

Judgment affirmed.