The opinion of the court was delivered by •
Breaux, J.
The relator is the sheriff and ex-officio tax collector of the parish of DeSoto. He alleges that the defendant bank is in *1030 debted to the State of Louisiana and to the parish of DeSoto for license tax for the years 1895 and 1896.
The defence to this claim is, that the Legislature has not imposed any license tax on incorporated banks having a capital of less than fifty thousand dollars.
It is admitted that the capital stock of the defendant company is fifteen thousand dollars, and that it has no surplus.
The judgment of the District Court is against the plaintiff.
The plaintiff appeals.
The authority delegated to the Legislature to impose a license tax is contained in Art. 206 of the Constitution.
In accordance with the authority conferred, the Legislature enacted the statute No. 150 of 1890. The article of the Constitution did not ordain that all persons or corporations pursuing business or calling should pay a license tax, but left it to the General Assembly to levy a license tax. The power must be exerted by legislation in order that payment may be required.
The charge must be imposed in clear and unambiguous terms. It can not be made to rest upon mere inference or implication.
The provisions of the existing law relating to the .license tax negative the proposition that it was the legislative intention to impose such a tax upon incorporated banks having no more capita^ than had the defendant.
The lowest limit of the license is seventy-five dollars, as expressed in the thirteenth class of the existing license law.
The lowest amount subject to the license tax is fifty thousand dollars. Under a law authorizing the collection of a tax from a banking institution having that capital or more, we find no warrant to collect a tax from a banking institution having less than that amount of capital. A minimum limit, as to licenses, has been fixed which we must respect. There is no limit to the amount in the ascending grades, commencing with the thirteenth class of the act in question. The first-class provides for a license when “the declared ornomina capital is five million dollars or more, while in the thirteenth class the amount is expressly limited to fifty thousand dollars, thereby rendering it impossible to collect a license from a banking institution the capital of which is less than the amount we have before stated as being the minimum. The classes are distinct as set forth in the statute and must be enforced as enacted.
*1031 It would be assuming a right if we were to change the limits expressed. If it were the obvious intention and meaning of the Legislature to exempt these institutions with capital less than the amount before stated, viewed as a question of power, the legislative will must control. A license law can not be extended by construction.
If it were not the intention, but a casus omissus, we would be assuming a right to supply what we might conceive to be its defects. Omissions can not be supplied by the courts.
No license can be exacted not imposed by words of the statute. Barnard, Sheriff and Tax Collector, vs. Gall & Pharr, 43 An. 959.
The power delegated to the General Assembly to levy a license tax is discretionary and not mandatory. City of New Orleans vs. J. Mule, 38 An. 826, 828.
All arguments based on intention must be addressed to the Legislature.
The one alternative with us under the present regulations for license taxation is to affirm the judgment.
The judgment is affirmed.