State vs. People's Debenture Co., Ltd.

<hr>

## No. 13,104.

STATE OF LOUISIANA VS. THE PEOPLE'S DEBENTURE COMPANY, LIMITED.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*M. J. Cunningham*, Attorney General, (*F. E. Rainold*, and *Stifft and Madison*, of Counsel), for the State of Louisiana and for Benedict, Liquidator, Plaintiffs and Appellees.

*George C. Preot* and *Charles Rosen* for the Defendant and Appellant.

Argued and submitted May 18, 1899.
Opinion handed down June 22, 1899.
Judgment amended and rehearings refused June 30, 1899.

On applications for rehearing by WATKINS, J.

The opinion of the court was delivered by

NICHOLLS, C. J. This case is governed by the principles announced this day in the cases of the State of Louisiana vs. The New Orleans Debenture Redemption Company of Louisiana, Limited, No. 13,116, and the State of Louisiana vs. The Louisiana Debenture Company, Limited, No. 13,105.

For reasons assigned in those cases it is hereby ordered, adjudged

and decreed that the judgment appealed from in so far as the same decrees the nullity and forfeiture of defendant's charter, be affirmed, and that the same, in so far as it appoints a receiver or liquidator, be reversed, leaving to the State of Louisiana and all other parties in interest all rights under the law relative to the appointment of a receiver or liquidator to take charge of, liquidate and settle the affairs of said corporation. Costs of Supreme Court to be borne by appellee.

MONROE, J., recused.

### ON APPLICATION FOR A REHEARING.

WATKINS, J. In this case, on the 22nd of June, 1899, as relates to the appointment of a receiver or liquidator, a decree of the court was handed down, which, in part, read as follows, viz:

"That the said judgment, in so far as it appoints a receiver or liquidator, be reversed, reserving to the State of Louisiana and all other parties in interest all rights under the law relative to the appointment of a receiver or liquidator."

The attorney general and associate counsel have filed an application for rehearing, and so have counsel for defendant.

The State avers that the public interest, and particularly, the interest of the debenture holders demand a settlement of the question as relates to the appointment of a receiver or of a liquidator; and the State asks that the liquidator appointed by the Governor be recognized.

These cases were argued late in the session. The argument was directed to the question of the legality vel non of the charters under which the respective companies carried on business.

The illegality of the charters was decreed. The court considered that, as to liquidator or receiver vel non, contradictorily with parties in interest, the question can be considered in the District Court to which the judgment is remanded for execution.

The whole question as to the appointment of liquidator or receiver is left at large and to be considered as an original question. Whether the appointment of liquidator lies with the Governor, or of receiver with the court, or the parties in interest, we do not determine. It is left as an open question.

The judgment appealed from is affirmed except as specifically reversed or amended.

Rehearings refused.

MONROE, J., takes no part.