(69 South. 91)

No. 20967.

BALLARD, Tax Collector, v. PONCHA-
TOULA HOMESTEAD ASS'N.

(June 7, 1915. Rehearing Denied June 28,
1915.)

*(Syllabus by the Court.)*

1. LICENSES &⟜18—OPERATION OF STATUTE—
"DEBENTURE REDEMPTION OR LOAN AND IN-
VESTMENT COMPANIES."

The term, "debenture redemption * * *
or loan and investment companies," used in the
license law of 1898 (Act No. 171 of 1898) sec-
tion 10, referred not to homestead or building
and loan associations, but to the debenture com-
panies that were organized within the two years
before and were outlawed the year after the
statute was adopted.

[Ed. Note.—For other cases, see Licenses,
Cent. Dig. § 47; Dec. Dig. &⟜18.]

2. LICENSES &⟜18—LIABILITY FOR LICENSE
TAX—BUILDING AND LOAN ASSOCIATION—
"DEBENTURE REDEMPTION OR LOAN AND IN-
VESTMENT COMPANY."

A homestead or building and loan associa-
tion organized on a mutual or co-operative plan,
loaning money only to its stockholders on notes
secured by mortgage and vendor's lien and by
pledge of the capital stock of the association,
is not to be classed as a "debenture redemption
* * * or loan and investment company," and
is not liable for a license tax.

[Ed. Note.—For other cases, see Licenses,
Cent. Dig. § 47; Dec. Dig. &⟜18.]

3. LICENSES &⟜18—LIABILITY FOR LICENSE
TAX—BUILDING AND LOAN ASSOCIATION.

Building and loan associations or home-
stead associations had been so much encouraged
and favored by the statutes of this state, and
their business was so well known to the Gen-
eral Assembly when the license law of 1898
was enacted, that it must be assumed that they
would have been especially mentioned and classi-
fied in the statute if the Legislature had in-
tended to impose a license tax upon them.

[Ed. Note.—For other cases, see Licenses,
Cent. Dig. § 47; Dec. Dig. &⟜18.]

Appeal from Twenty-Fifth Judicial Dis-
trict Court, Parish of Tangipahoa; Robert
S. Ellis, Judge.

Action by John A. Ballard, Tax Collector,
against the Ponchatoula Homestead Associa-
tion. From a judgment for plaintiff, de-
fendant appeals. Reversed, and cause dis-
missed.

F. W. Sherman, of Ponchatoula, for appel-
lant. H. Grady Hungate, of Hammond, for
appellee. Columbus Reid, of Hammond, and
Buck, Walshe & Buck, of New Orleans, amici
curiæ.

O'NIELL, J. This appeal is from a judg-
ment condemning the defendant to pay the
license required for carrying on the business
of a loan and investment company.

[1] The defendant is an ordinary home-
stead or building and loan association; and
the only question presented is whether it is
included in the classification of "loan and in-
vestment companies," in section 10 of Act No.
171 of 1898, which provides:

"That each and every company, association,
corporation or firm conducting the business of a
debenture redemption company, or loan and in-
vestment companies, whether .domiciled in or
out of this state, but authorized to do business
herein, shall be subject to an annual license bas-
ed upon the gross receipts as follows," etc.

The defendant is a mutual benefit or co-
operative association, incorporated under the
provisions of Act No. 120 of 1902, and loans
money only to its members or stockholders
on their notes secured by vendor's liens on
real estate and by pledge of its capital stock.
Homestead or building and loan associations
are highly favored by the laws of this state
and were expressly recognized as "promoting
public utility and advantage" by one of the
first statutes on the subject of homestead
associations. Act No. 151 of 1888. At the
time of the adoption of the license law of
1898, homestead associations or building and
loan associations had been operating in this
state for ten years, and their method of do-
ing business was generally known and rec-
ognized. During the two years preceding the
adoption of the license law of 1898, several
debenture redemption companies were organ-
ized in the city of New Orleans and were
doing business throughout the state.

In several suits prosecuted by the Attorney
General against these debenture redemption

companies, judgments were rendered in 1899, pronouncing their business illegal and revoking their charters as unauthorized under the laws of this state. See State v. Louisiana Debenture Co., 51 La. Ann. 1795, 26 South. 592; State v. Columbia Debenture Co., 51 La. Ann. 1818, 26 South. 1036; State v. United Debenture Co., 51 La. Ann. 1819, 26 South. 1036; State v. People's Debenture Co., 51 La. Ann. 1822, 26 South. 1037; and State v. New Orleans Debenture Redemption Co., 51 La. Ann. 1827, 26 South. 586.

[2, 3] From the history of these corporations we conclude that, although homestead or building and loan associations, in a sense, do a loan and investment business, they were not included in the class of debenture redemption companies. While building and loan associations were favored by every statute enacted on the subject, the debenture companies were regarded so unfavorably that they were outlawed only a year after the adoption of the statute of 1898, imposing a heavy license upon them. The Legislature has put building and loan associations under the supervision of the examiner of state banks, and their property is exempt from taxation by a recent amendment of the Constitution. Our conclusion is that the Legislature did not intend to impose a license tax upon building and loan associations or homestead associations, under the designation of debenture redemption or loan and investment companies.

The learned counsel for the tax collector contends, in the alternative, that, if the defendant is not liable for the license tax imposed upon debenture redemption or loan and investment companies, it is liable for the license tax imposed by section 14 of Act No. 171 of 1898, as amended by Act No. 62 of 1906, upon every business not otherwise provided for. The business of building and loan or homestead associations, however, had been so often dealt with by the General Assembly and was so well known to that body, that it is reasonable to assume, and we do assume, that they would have been specially provided for in the license law if the Legislature had intended to impose a license tax upon them. The court should not impose a license tax upon a business for which the Legislature has indicated its intention not to exact a license tax. State ex rel. Tax Collector v. Bank of Mansfield, 43 La. Ann. 1029, 20 South. 201, and authorities there cited.

The judgment appealed from is reversed, and plaintiff's suit is dismissed.