O’NIELL, J.
The question is whether der fendant’s business of making and baking bread, in an establishment in which the various processes and manipulations were conducted by machinery, was that of a manufacturer, and therefore exempt from a license tax, under article 229 of the Constitution of 1913. The tax collector has appealed from a judgment maintaining the exemption.
The mechanical process of sifting, mixing, and manipulating the flour and other ingredients, all of which was done by electrically driven machinery, and the conversion of the combined ingredients into the finished product, is described, substantially, like the pro *707 cess that was declared “manufacturing” in the case of State v. American Biscuit Manufacturing Co., 47 La. Ann. 160, 16 South. 750. The only difference is that the American Biscuit Manufacturing Company manufactured various kinds of biscuits, crackers, and Italian paste; whereas, the defendant in this ease manufactured only bread. In State v. Eckendorf, 46 La. Ann. 131, 14 South. 518, it was held that one who baked and sold bread, on a comparatively small scale, was not a manufacturer. And so, in City of New Orleans v. Mannessier, 32 La. Ann. 1075, it was held that one who made and sold ice cream was not a manufacturer. But, 36 years later, in State Tax Collector v. Brown, 140 La. 928, 74 South. 253, we held that one who made ice cream on a large scale and by machinery was a manufacturer.
Without observing a distinction in law between the making of bread and the making of biscuits, we cannot distinguish this case from that of the American Biscuit Manufacturing Company. Such a distinction does not result from the fact — if it is a fact — that biscuit making is a more complex process than bread making, or that the biscuit manufacturers make more, and the bread manufacturers make less, than 57 varieties. For we have decided that coopers, making only such simple articles as barrels and hogsheads, are manufacturers. See City of New Orleans v. Le Blanc, 34 La. Ann. 596. And we have decided that the making of burlap bags, a process consisting merely of cutting the manufactured fabric into standard sizes, folding each piece once and sewing together the edges on two sides, is manufacturing. See State v. Bemis Bag Co., 135 La. 398, 65 South. 554.
The purpose of the exemption in article 229 of the Constitutions of 1898 and of 1913, which had appeared in article 206 of the Constitution of 1879, was to encourage manufacturing in this state articles that were then either imported or hand-made. It was not intended to exclude from the exemption factory products that were then made here by hand. Therefore, when the court first failed or refused to recognize, as a manufacturer, the baker sweating at his oven, or the confectioner cranking an ice cream freezer, the court was merely applying the commonsense, logical idea, that the lawmaker had not intended that such tradesmen should be classed as manufacturers. But the' court would never have classed'a fabric mill with the venerated spinning wheel, or mistaken a hosiery manufacturing establishment for the old-time knitting needles, a shoe factory for a cobbler’s bench with its awls and hammers, or a garment factory for the shears and needles of the humble tailor or seamstress. With the changes wrought in the circumstances of the people and the state, the spirit of the law must accommodate and adapt itself. If the courts owe an apology for their reforms of opinion, from time to time, particularly on subjects only quasi judicial, like this question as to who is and who is not a manufacturer,-the explanation is -in the hackneyed maxim “témpora mutantur et nos mutamur in illis.”.
The judgment is affirmed.