STATE OF LOUISIANA v. DUNBAR-DUKATE CO.

---

(Jan. 17, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Licenses—Par. 8, 10, 16.

One who preserves shrimp by a process of boiling, drying, sterilizing, and canning is a manufacturer of canned shrimps and as such not subjected to a license tax by any law of this state.

2. Louisiana Digest—Licenses—Par. 8, 10, 13, 16.

A manufacturer who sells his own manufactured goods and is as such exempt from license taxation is not a wholesale dealer in merchandise and owes no license tax.

3. Louisiana Digest—Licenses—Par. 6.

No license can be exacted which is not clearly imposed by the terms of the law.

Appeal from Twenty-fourth Judicial District Court. Hon. L. Robert Rivarde, Judge.

Action by State of Louisiana against Dunbar-Dukate Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

C. J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellant.

Jno. Dymond, Jr., of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. The State claims of the defendant a license tax for the years 1924, 1925 and 1926, as a "wholesale dealer" under Act 233 of 1920, section 8, with two per cent interest under Act 205 of 1924, section 7.

The defense is that defendant is not a "wholesale dealer"; that it is engaged in the manufacturing business of canning sea food products; that its business is that of manufacturing, in catching, or causing to be caught, and purchasing the raw material in the shape of what are commonly called Lake Shrimp; that these shrimp are then iced in the neighborhood of

where they are caught and are then brought in special boats operated by respondent from the place where these shrimp are caught to the factory at Westwego, La.; that these shrimp are then handled by laborers, who remove the heads and the shells from the shrimp, picking each individual shrimp, leaving only the muscular part of the body or tail; that these tails are then processed or cooked in salt water, and are then placed in cans of the size desired, these cans being either paper-lined or not lined, as the market demands may require, the shrimp being graded as to size, so the can of a certain size and the better grade of shrimp will not exceed a certain number of individual shrimp in filling the required capacity of the cans or weight of material; all of this being done under thoroughly sanitary conditions; that thereupon said cans of shrimp are processed by subjection to hot water and steam pressure getting both the heat and pressure, the can having been previously sealed; that these cans are then labeled as may be required and packed in boxes and the boxes labeled as may be required; that the only selling it does, is the selling of its own manufactured products; that under the provisions of Section 24 of Act 205 of 1924, p. 375, the Legislature has specially exempted manufacturers from the payment of a license tax.

The trial judge was of the opinion that the defendant was a manufacturer and as such exempt from the payment of a license and rendered judgment in its favor. From this judgment the plaintiff has appealed.

The testimony of James. V. Dunbar, the president of defendant company, establishes that the process described in the answer is the one used by defendant in the preparation of canned shrimp, and that the defendant has not "done any business in the Parish of Jefferson other than the sale of its own manufactured products and that it has not bought any manufactured canned goods for resale".

Under the ruling in the elaborate and learned opinion covering 46 pages in the case of State vs. American Sugar Refining Co., 108 La. 603, 32 South. 965, particularly at page 623, we are bound to hold that the defendant is a manufacturer of canned shrimp. We can add nothing to what was said in that case. See also 38 C. J., p. 982; State vs. Spencer, 127 La. 336, 53 So. 596; Henderson vs. Shreveport Gas & Electric Light Co., 134 La. 39, 63 So. 616; State vs. Bemis Bro. Bag Co., 135 La. 397, 65 So. 554; State vs. Lanasa, 151 La. 706, 92 So. 306; State vs. E. I. Young Co., 157 La. 846, 103 So. 186.

Section 8 of Act 233 of 1920, p. 401, upon which plaintiff relies to claim the license, applies in its very words to "every wholesale dealer in merchandise".

We find nothing in any other section of said act imposing a license upon manufacturers. Indeed those were exempt under Article 229 of the Constitution of 1898 "other than those of distilled alcoholic, or malt liquors, tobacco, and cotton seed oil".

Neither does plaintiff refer us to any other section than to section 8, which we have seen refers to "wholesale dealers", nor do we, find any.

There is no section under the license Act 205 of 1924 imposing a license upon manufacturers. Indeed the paragraph following the 34th class of section 25 on page 375 provides:

"That any other business not provided for in this act and not otherwise provided for by separate law, except manufacturing,

shall be graded the same, as above set forth, and shall pay a license as fixed in this section." And section 28 of the same act, p. 379, provides that "nothing in this act contained shall be construed to affect or repeal any existing laws levying license taxes on businesses or professions not enumerated in this act".

"No license can be exacted which is not imposed by the terms of the law." Barnard vs. Gall & Pharr, 43 La. Ann. 959, 10 South. 5. Though these words are contained only in the syllabus, the judges at that time wrote the syllabus themselves. But that case is affirmed eonomine in State vs. Bank, 48 La. Ann. 1029, 20 South. 201 (1031); Ballard vs. Ponchatoula H. A., 137 La. 677, 69 South. 91.

In the case of Union Oil Co. vs. Marrero, 52 La. Ann. 357, 26 South. 766, the court said on page 362:

"Where a corporation is engaged in a manufacturing business which is exempt from the license tax, and confines itself to the sale of the products manufactured by it, the business of selling such products, so manufactured, may well be considered as covered by the exemption accorded to the manufacturer." Aliter, when it sells other than its manufactured products. State vs. Bemis Bro. Bag Co., 135 La. 401, 65 South. 554.

We think that the judgment of the trial court is correct and it is therefore affirmed.