## No. 8545.

### THE CITY OF NEW ORLEANS vs. ERNST & CO.

Persons engaged in rice milling are manufacturers, and as such are exempt from license under Article 206 of the Constitution.

APPEAL from the First City Court of New Orleans. *Skinner*, J.

---

. *J. Ward Gurley, Jr.* and *H. G. Morgan* for Plaintiff and Appellant.

. *W. B. Koontz* for Defendants and Appellees.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The City appeals from a judgment relieving the defendants from payment of a license claimed of them for carrying on the rice milling business.

The judgment rests on the defense of exemption set up under Articles 206 and 207 of the Constitution in force.

Those articles exempt from a license, *all* manufacturers, except those engaged in the manufacture of alcoholic or malt liquors, tobacco, cigars

City vs. Ernst & Co.

and cotton seed oil, and shield from taxation all property employed in the manufacture of specified articles, among which is mentioned *flour*.

A manufacturer is defined to be : one who is engaged in the business of working raw materials into wares suitable for use, who gives new shapes, new qualities, new combinations to matter which has already gone through some artificial process. A manufacturer prepares the original substance for use in different forms. He makes to sell, and stands between the original producer and the dealer, or first consumers, depending for his profit on the labor which he bestows on the raw material. 34 An. 597.

Rice is an agricultural product, extensively raised in this State. The milling of it is effected by different processes, during which it passes from its original roughness to conditions in which it is fit for different uses. Deprived of its outer shell, and of the silica enveloping the denuded grain, it becomes an object of marketable value. It is only after several munipulations that various substances or products are obtained, which are : the hull, the bran, the flour, the red grain and, finally, the cleaned and polished kernel, all of which become separate and distinct articles of commerce.

It is not easy to distinguish between the several processes to which rice is subjected by the manufacturer, who, from beginning to end, works it up into various forms for use. It may be said to undergo one and the same process throughout. Even if a distinction could be realized, the working of the raw material is accomplished continuously. The person who puts it through the process gives to it gradually new shapes, new qualities, new combinations, and thus is a manufacturer within the intent and scope, the spirit and letter of the constitutional immunity.

The Constitution apparently considers that one whose property is employed in the manufacture of *flour*, is a manufacturer, for it exempts property thus used from taxation and license. Art. 207.

If one who transforms wheat into flour be a manufacturer, there is no reason, perceptible to us, why one who transforms a like grain (rice) into flour and in various other shapes, should not likewise be deemed a manufacturer, and as such embraced within the exoneration.

The Constitution clearly exempts *all* manufacturers not excepted. The excepted ones are : those who manufacture alcoholic or malt liquors, tobacco and cigars and cotton seed oil. As the defendants do not come within the exclusion, it is manifest that the license claimed cannot be recovered.

Finding no error in the judgment appealed from, it is affirmed with costs.