466 PEOPLE ex rel. WESTERN EL. CO. *v.* CAMPBELL.

THIRD DEPARTMENT, SEPTEMBER TERM, 1894.          [Vol. 80.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WESTERN ELECTRIC COMPANY *v.* FRANK CAMPBELL, Comptroller of the State of New York.

*Corporate tax under chapter 542 of the Laws of 1880, as amended — review of the Comptroller's decision — burden of proof of error.*

Where a corporation, during the years 1889, 1890, 1891 and 1892, was not wholly engaged in the business of manufacturing, but was also engaged in selling, in a city within the State, goods manufactured by it out of the State, and also in selling articles not of its own manufacture, it is liable to the tax prescribed by the provisions of chapter 542 of the Laws of 1880, as amended by the Laws of 1881 (Chap. 361), 1885 (Chap. 359) and 1889 (Chaps. 353 and 463).

In proceedings brought to review the decision of the Comptroller of the State of New York in assessing a tax upon a corporation pursuant to the provisions of chapter 542 of the Laws of 1880, as amended by the Laws of 1881, 1885 and 1889, the burden is upon the relator to show that the Comptroller erred in imposing the tax of which it complains.

CERTIORARI issued out of the Supreme Court and attested on the 18th day of August, 1893, directed to Frank Campbell, Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all his acts and proceedings relative to the assessment of the Western Electric Company, with all other papers before him pertaining to the assessment of said relator and his statement of the facts showing the legality of such assessment.

*Edwin T. Rice,* for the relator.

*T. E. Hancock, Attorney-General, John W. Hogan, Deputy Attorney-General,* for the respondent.

PER CURIAM:

The papers show that the business of the relator carried on in this State during the years 1889, 1890, 1891 and 1892 was not wholly that of manufacturing. It clearly appears that besides its manufacturing business it was engaged in selling in New York city goods manufactured by it out of the State, and articles not of its own manufacture. Hence, as we have already held in another case, the relator was liable to the tax under the provisions of chapter 542 of the Laws of 1880, as amended by the Laws of 1881, 1885 and 1889.

The only question then to be considered in this case is whether the tax imposed by the Comptroller was excessive.

The burden was on the relator to show the error of the Comptroller, if any, in imposing the tax of which it complains. (*People ex rel. A. C. & D. Co.* v. *Wemple,* 129 N. Y. 558, 565, 566 ; *People ex rel. Osgood et al.* v. *Commissioners, etc.,* 99 id. 154 ; Laws of . 1889, chap. 463.)

We have examined the affidavits, papers and evidence submitted to the Comptroller on the motion for a revision, and without attempting to discuss the questions of fact involved, are unable to hold that the evidence so submitted made it apparent that the determination of the Comptroller, as to the amount of capital stock of the relator employed in this State during the years above mentioned, was erroneous.

The determination of the Comptroller must be affirmed, and the writ of certiorari quashed, with costs.

Present — MAYHAM, P. J., PUTNAM and HERRICK, JJ.

Determination of the Comptroller affirmed, and writ of certiorari quashed, with fifty dollars costs and printing and other disbursements.