THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BROOKLYN
ELEVATED RAILROAD COMPANY, Relator, *v.* JAMES A. ROBERTS,
Comptroller. of the State of New York. Respondent.

*Taxation of a corporation — valuation of railroad stock — average price during the
year — the intrinsic value need not be fixed — presumption in favor of and con-
clusiveness of the Comptroller's valuation.*

Where the Comptroller in estimating and appraising the capital stock of a rail-
road company, for the purpose of taxation under chapter 542 of the Laws of
1880 and the acts amendatory thereof, fixes the valuation at the average price
at which the stock sold during the year, he has complied with the statute, and
it is not necessary for him to ascertain the "intrinsic" or actual value of the
stock in cash, unless such intrinsic value exceeded the market value.

Where a person or corporation aggrieved seeks to review the action of the Comp-
troller in imposing a tax under chapter 542 of the Laws of 1880, the burden
is upon the relator to show some error or mistake upon the part of the
Comptroller.

The determination of the Comptroller as to the amount of a tax should not be
disturbed unless it clearly appears that it is erroneous.

CERTIORARI issued out of the Supreme Court, and attested on the
15th day of February, 1894, directed to James A. Roberts, Comp-
troller of the State of New York, commanding him to certify and
return to the office of the clerk of the county of Albany all his acts
and proceedings relative to the assessment of the Brooklyn Elevated
Railroad Company for taxes for the year ending November 1, 1893,
together with all other papers, documents and records pertaining
to the assessment of said relator, and also a statement of such facts
as might be pertinent or material to show the legality of said assess-
ment and the value of the property so assessed and the ground for
the valuation made by said Comptroller, and also all his acts and
proceedings, with all papers, documents and records before him per-
taining to the application of the said relator for a revision or resettle-
ment of such assessment.

*William H. Page, Jr.,* and *Frederick P. Delafield,* for the
relator.

*T. E. Hancock, Attorney-General (G. D. B. Hasbrouck, Deputy
Attorney-General),* for the respondent.

538 PEOPLE ex rel. BROOKLYN EL. R. CO. *v.* ROBERTS.

THIRD DEPARTMENT, DECEMBER TERM, 1895. [Vol. 90.

PUTNAM, J. :

This is a proceeding brought to review a valuation made by the Comptroller of the State of the capital stock of the Brooklyn Elevated Railroad Company for the purpose of taxation for the year 1893, under the provisions of chapter 542 of the Laws of 1880, and the acts amendatory thereof and supplemental thereto. Relator contends that the Comptroller erred in the principle upon which he proceeded in making the valuation.

On the 16th day of November, 1893, relator made a report under the provisions of section 1 of the act of 1880, by which it appraised its capital stock at twenty dollars per share. The Comptroller, being dissatisfied with such appraisal, made a valuation of said stock at thirty dollars per share. Thereafter, on motion for a rehearing, he reappraised the stock at twenty-nine and five-sixths dollars per share.

Under section 1 of the act of 1880 it was the duty of the Brooklyn Elevated Railroad Company, in making its report to the Comptroller, to estimate and appraise its capital stock at its actual cash value, " not less, however, than the average price which said stock sold for during said year." And the statute provided that if the Comptroller was not satisfied with the valuation so made, he was authorized to make a valuation thereof and to settle an account upon the valuation so made by him for the taxes, penalties and interest due the State thereon.

The only question that need be considered is whether or not it is shown by the papers and evidence submitted to us that the Comptroller, in fixing the valuation of relator's capital stock, appraised it at a sum above the average price at which said stock sold during the year. It was not necessary for him to ascertain the " intrinsic " or the actual value of the stock in cash unless that exceeded the market value, as, under the statute, he was obliged to appraise it at a sum not less than the average price at which said stock sold during the year.

It is well settled that in a proceeding to review the action of the Comptroller in imposing a tax under the act of 1880, the burden is upon the relator to show the error or mistake, if any, of the Comptroller. (*People ex rel. Western Electric Co.* v. *Campbell*, 80 Hun, 466.) It is said by GRAY, J., in *People ex rel. American Const. & Dredging Co.* v. *Wemple* (129 N. Y. at page 565), "The

determination of the Comptroller as to the assessment and taxation, unless clearly shown to have been erroneous, should not be disturbed." And in *People ex rel. Roebling's Sons' Co.* v. *Wemple* (138 N. Y. at page 583), O'BRIEN, J., says in regard to an assessment by the Comptroller under the act of 1880 : " His determination as to the amount of the tax should not be disturbed now unless it clearly appears to be erroneous." It was not, therefore, as the learned counsel for the relator assumes, incumbent on the Comptroller to show that his valuation of relator's stock, and his determination as to the market value thereof, was right, but, on the contrary, the burden was upon the relator to show the error, if any, of the Comptroller.

After a careful examination of the papers submitted to us and the evidence taken in the case, we find it impossible to say that the relator established the fact that the valuation placed upon its stock by the Comptroller was greater than the average price at which said stock sold during the year allowed. The only witness who testified before the Comptroller was Mr. Longyear, auditor of relator, and produced by it as a witness. He swore that the stock sold during the year in question from nineteen to forty and three-eighths, nineteen being the lowest and forty and three-eighths the highest sum paid for the stock, and that the average market value, as shown by the quotations during such year was twenty-nine and five-sixths, that being the valuation placed upon said stock by the Comptroller. It is impossible, therefore, to say that the relator proved any error or mistake on the part of the Comptroller in fixing the valuation of its stock. The statute prescribed that its valuation should not be less than the average price for which said stock sold during the year. It was shown that there had been sales of the stock of relator during that period, and its own witness fixed the average price thereof at the sum at which the Comptroller valued its capital stock. We are of opinion that the papers and evidence submitted sustain the determination made by the Comptroller.

Determination of the Comptroller confirmed and writ of certiorari quashed, with fifty dollars costs, printing and other disbursements.

