PEOPLE ex rel. SCHWARZSCHILD & SULZBERGER CO. v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

TAXATION—EXEMPTIONS—MANUFACTURING CORPORATIONS.

    A corporation for slaughtering cattle and manufacturing them into food, which operates two plants, one of which is in another state, from which the manufactured articles are sent to the plant in New York for sale, is not, as to its capital in New York, "wholly" engaged in manufacturing (Laws 1880, c. 542, and acts amendatory thereof), so as to exempt it from taxation.

Certiorari, on the relation of the Schwarzschild & Sulzberger Company to review the determination of James A. Roberts, as comptroller of the state of New York, in assessing a franchise tax against the relator, pursuant to Laws 1880, c. 542, and the acts amendatory thereof. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Myer Nussbaum, for relator.

T. E. Hancock, Atty. Gen., and G. D. B. Hasbrouck, Dep. Atty. Gen., for defendant.

MERWIN, J. The relator is a domestic corporation, organized in January, 1893, for the purpose of slaughtering cattle, and man-

ufacturing the same into food and other articles. Its authorized capital is $5,000,000, of which about $4,400,000 have been paid in. In conducting its business, it has two large plants, consisting of real estate and factories, the larger plant being in Kansas City, in the state of Kansas, and the other in New York City. The plant here consists of an oleo factory, stearin factory, curing establishment, ice plant, and various other machinery connected with the business of a slaughterhouse. About one-fourth of the slaughtering is done at the New York plant. The animals are brought from the west, taken to the slaughterhouse, and killed by machinery. The carcasses are hung up in a refrigerator in halves, where they remain for five or six days; then are cut up, and part sold to the retail butchers, and part made into corned and smoked beef. The fat is treated in the factory, and made into oleo oil and stearin, and the scraps, blood, and entrails made into a fertilizer. The hides and horns are sold. From the beef produced at the Kansas plant, there is brought into this state, and sold at the defendant's salehouses here, beef to the amount, as testified by the president and treasurer of the relator, of about a million and a half dollars yearly. This beef is practically completed for the market before being brought here. It is placed here in the icehouse, and sold from there. Some of it is corned and smoked. The tax is assessed by the comptroller on the theory that the relator is not wholly engaged in manufacturing in this state, and is therefore taxable on the amount of its capital stock employed within this state.

Assuming, as claimed by the relator, that it is a manufacturing corporation, within the meaning of the statute (Engle v. Sohn, 41 Ohio St. 691), the question remains whether it is wholly engaged in carrying on manufacture within this state (People v. Roberts, 4 App. Div. 389, 38 N. Y. Supp. 872). A part of its business here is selling to a large amount the product of its Kansas plant, prepared there practically ready for the market. The fact that it is stored here in a refrigerator for a few days is not sufficient to authorize the relator to say that as to that article it is engaged here in manufacturing. With this element in the case, the relator fails, I think, to show that it is entitled to exemption, as being wholly engaged in manufacture within this state.

Nor do I think that the relator is exempt upon that portion of its capital which is here engaged in manufacturing, within the rule laid down in People v. Campbell, 144 N. Y. 166, 38 N. E. 990. There the tax was on transactions outside of the authority given by the charter of the corporation, it being, in substance, held that, as to its legitimate corporate business, it was wholly engaged in carrying on manufacture within this state, and the capital so employed therefore not taxable. Here the Kansas transactions and the sale here of the Kansas goods were within the corporate power. The rule laid down in People v. Campbell, 80 Hun, 466, 30 N. Y. Supp. 472, affirmed 145 N. Y. 587, 40 N. E. 239, applies here, and justifies taxation upon the amount of capital employed here.

The relator further claims that, in any event, the tax is too large. The tax imposed is upon a valuation of $1,210,000. There is evi-

dence that the capital stock employed in this state is $1,614,883.50. Dividends are being paid at the rate of 4 per cent. The officers of the relator appraised the value of the entire stock at $1,312,394.07, and the claim is that, as only about one-third of the stock was employed in this state, the valuation should be reduced to that proportion of the appraised value. The comptroller, however, was not bound by the appraisal of the relator. People v. Roberts, 82 Hun, 313, 31 N. Y. Supp. 245. The evidence is, I think, sufficient to sustain the valuation as fixed by the comptroller. It follows that the determination of the comptroller should be confirmed.

Determination of the comptroller confirmed, with $50 costs and disbursements. All concur.