SOMMERYILLE, J.
The state sued defendant for a license tax for the year 1919 for selling coca-cola, pop, soda water, and other light and similar soft drinks at wholesale in the town of Hammond during said year.
Defendant answered that it was a manufacturer, and not a wholesale dealer, and that it was exempt from the payment of a license tax under article 229 of the Constitution, which exempted all manufacturers from the payment of license taxes except those of distilled, alcoholic, or malt liquors, tobacco, cigars, cotton seed oil.
There was judgment for defendant and plaintiff has appealed.
There is found in the record a statement of facts, testified to by the secretary of the defendant company. He said:
“We buy standard granulated sugar, make it into syrup, add citric acid, or fruit acid, extract, vegetable or fruit color to the syrup, making a finished product. Then through the machines throw an ounce of finished syrup to each bottle, to which is added 5% ounces of carbonated water, making a total of ounces. The bottles are then capped and crowned by the same machine. The carbonated water is obtained by taking city water to which is added carbonated liquid gas which is thoroughly mixed with the water in a carbonator or machine made for that purpose. The product is called bottled soda water, consisting of all different flavors, strawberry, lemon, cream, peach, sarsaparilla, orange, etc. In our own factory all the crude ingredients are converted into the various products. We buy the ingredients, citric acid, sugar, extract, acid fruit or vegetable coloring, carbonated liquid gas, crowns, and the water we buy also. We dispose of the finished product by selling not less than two cases to a merchant, each case containing 24 bottles. Coca-cola syrup is purchased in crude form, to which is added water and gas, making a finished product.”
It would appear from the statement of facts that bottled soda water and coca-cola are the only preparations sold by the defendant company, and, further, that soda water and coca-cola are manufactured articles, under the definition heretofore given by this court.
The only question in the case is whether bottled soda water and coca-cola are manufactured beverages or not when manufactured on a large scale. In the ease of City of New Orleans v. LeBlane, 34 La. Ann. 596, where defendant was sued for license as a retail dealer, and he set up the defense that he was a manufacturer of articles of wood —in other words, a copper — it was said:
“A manufacturer is not one who creates out of nothing, for that surpasses human power; neither is he one who produces a new article out of materials entirely raw. • He is one who gives new shapes, new qualities, new combinations to matter which has already gone through some artificial process. A shoemaker is none the less a manufacturer because he does not also tan leather; the tanner is none the less a manufacturer of leather because he does not breed and raise the bullocks from which the raw hides are taken. The tanner makes leather to sell, but does not buy hides to sell again. He produces the article of the leather and depends for his profit • upon the labor which he bestows upon the raw material.”
In the first case defendant buys coca-cola syrup in crude form to which it adds water, gas, and sugar, then citric acid, or fruit acid, extract, vegetable or fruit color, making finished products, which are known on the market as bottled soda water and coca-cola.
The court has held at various times that the following were exempt from the payment of license taxation because they were manufacturers: Rice millers (City of New Orleans v. Ernst, 35 La. Ann. 746); the publisher of *583 a newspaper (State v. Duprg, 42 La. Ann. 561, 7 South. 727); a biscuit manufacturer (State v. American Biscuit Mfg. Co., 47 La. Ann. 160, 16 South. 750); the sawing of logs into different kinds and qualities (State v. Wilbert’s Sons Lumber & Shingle Co., 51 La. Ann. 1223, 26 South. 106); and sugar refining (State v. American Sugar Refining Co., 108 La. 603, 32 South. 965).
There is no difficulty in sustaining defendant’s contention that it is a manufacturer, and that it is exempt from license taxation.
The judgment appealed from is affirmed.