THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHAS. KOHLMAN & COMPANY, INC., Now JOHNSON-BLAKE COMPANY, INC., Relator, *v.* WALTER W. LAW, JR., and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, March 14, 1924.

**Taxation — franchise tax based on net income — proceedings to review assessment made under Tax Law, art. 9-A — rehearing before Appellate Division — evidence shows that certain sales were made outside State and accepted there — said sales so made were allocated by Tax Commission to State of New York — said finding is contrary to evidence and is error of law authorizing rehearing on merits.**

An error of law was committed by the State Tax Commission authorizing the Appellate Division to grant a rehearing, where it appears that in assessing the franchise tax based on net income against the petitioner under article 9-A of the Tax Law, there was evidence tending to show that a part at least of the sales made by the petitioner were made and accepted outside the State of New York, but that the State Tax Commission in assessing the tax determined, contrary to that evidence, that all of the sales were made or accepted within the State.

CERTIORARI issued out of the Supreme Court (after the taking effect of the Civil Practice Act)* and attested on the 9th day of September, 1922, directed to Walter W. Law, Jr., and others, as and constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in assessing a franchise against the relator for the year beginning

---

* See Civ. Prac. Act, § 1283, as amd. by Laws of 1922, chap. 355.— [REP.

November 1, 1920, based on its business for the year ending December 31, 1919, under article 9-A of the Tax Law. (See Tax Law, art. 9-A, added by Laws of 1917, chap. 726, as amd. by Laws of 1919, chap. 628, and Laws of 1920, chap. 640.)

This is a reargument pursuant to an order entered on the 10th day of January, 1924 (208 App. Div. 756). Our former decision and opinion are reported in 207 App. Div. 93. Upon that decision an order was entered in this court as follows: " Ordered and adjudged that the determination herein of the New York State Tax Commission be and the same hereby is annulled, with fifty dollars ($50) costs and disbursements, and the proceedings remitted to the New York State Tax Commission for the taking of further testimony in accordance with the views expressed by this court."

*John B. Doyle* [*Harrison Clark* of counsel], for the relator.

*Carl Sherman,* Attorney-General [*C. T. Dawes, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

Upon this reargument it is urged by the Attorney-General that an important point was presented by him upon the former argument, which it is claimed was overlooked by us and which, if well considered, would require a confirmation of the determination of the State Tax Commission. We have annulled the determination and remitted the proceeding to the Commission for the taking of further testimony in accordance with the views expressed in our opinion accompanying our former decision. (207 App. Div. 93.) The claim is further made by the Attorney-General that a rehearing cannot be granted in this case; that in this Tax Law certiorari (Tax Law, §§ 199, 219;* Civ. Prac. Act, §§ 1304, 1305) the petitioner is precluded by the return and that this court must find an error of law or an erroneous conclusion upon the facts presented in the return; that if there has been no error of the Tax Commission upon the law, there can be no new hearing; that if the conclusion upon the facts is wrong, this court makes its determination upon the facts, which is binding upon the Tax Commission. The question is whether we found an error of law requiring a rehearing.

Without unnecessarily repeating the facts given in our former opinion, we dealt with the allocation of sales to New York State depending upon whether certain " bills and accounts receivable arose from orders *received or accepted* by any officer or agent, or at any place of business, in this State." (Tax Law, § 214, subd. 2, ¶ c,

---

* See Tax Law, § 199, as amd. by Laws of 1915, chap. 317; Id. § 219, added by Laws of 1917, chap. 726, as amd. by Laws of 1918, chap. 417, and Laws of 1921, chap. 443.— [REP.

added by Laws of 1917, chap. 726, as amd. by Laws of 1920, chap. 640.) In its report to the State Tax Commission the petitioner segregated to New York State a certain amount of its bills and accounts receivable, namely, those arising from personal property owned by the corporation and not manufactured by it within this State but sold by it or its agents and located within the State at the time of the receipt of the order. (Tax Law, § 214, subd. 2, ¶ b, added by Laws of 1917, chap. 726, as amd. by Laws of 1920, chap. 640.) The petitioner made no entry in its report as to any bills and accounts receivable arising from orders received or accepted in this State as authorized to be taxed under paragraph (c) of subdivision 2 of section 214 of the Tax Law. The Commission nevertheless taxed all of petitioner's bills and accounts receivable. The petitioner applied for a revision and resettlement of the accounts. Upon the hearing granted by the Commission the petitioner presented proofs that " at least half " of certain accounts receivable included in the tax represented goods sold to customers " on orders taken by * * * employees outside the State of New York; " that all these orders were sent to the New York office, the place of business of the petitioner, where the orders were booked and from which office the necessary instructions were given to mills outside of the State for filling the orders. The only proof with reference to the authority of these sales agents outside the State to " accept " such orders with or without approval of the New York office appears in the following testimony. Referring to these orders generally, it was said: " Q. Those goods were sold on a price list supplied by your Company from New York *or* subject to your approval at New York? A. Yes." Referring to a particular agent outside the State, it was said: " Q. Those orders were all submitted to New York after being sold upon a list price already approved from New York? A. Yes." The following testimony also appeared: " Q. Generally where were the contracts of purchase and sale signed by your people? A. In New York." While this testimony was indefinite as to the amount of sales made within and without the State, it seemed clear to us that by necessary inference it constituted competent proof that at least some of the bills and accounts receivable represented sales outside of the State pursuant to a price list previously approved, and that some of the contracts of purchase and sale were not signed in New York. The Commission has taxed all of petitioner's bills and accounts receivable on the theory that the petitioner received or accepted all orders at its place of business in this State, including all orders taken by salesmen outside of the State. The Commission has apparently relied

upon the following testimony: "Those goods were sold on a price list supplied by your Company from New York *or* subject to your approval at New York." The Attorney-General takes the position that the burden rests upon the taxpayer to show error or mistake and that unless it clearly and conclusively appears that the determination was erroneous, the decision of the Commission is conclusive and will not be set aside; that the law gives the taxpayer an opportunity to have a hearing and to challenge the account; that if he produces proof that is doubtful or ambiguous and does not make the situation plain, he must suffer for his failure to disclose the exact situation. That is the well-settled law. (*People ex rel. Manila Electric R. R. & L. Corp.* v. *Knapp*, 191 App. Div. 132, 135; *People ex rel. Burke* v. *Wells*, 184 N. Y. 275, 280; *People ex rel. Brooklyn El. R. R. Co.* v. *Roberts*, 90 Hun, 537; *People ex rel. Western El. Co.* v. *Campbell*, 80 id. 466; *People ex rel. Postal Tel. Co.* v. *Campbell*, 70 id. 507; *People ex rel. Seth Thomas Clock Co.* v. *Wemple*, 42 N. Y. St. Repr. 60; *People ex rel. Edison Electric Ill. Co.* v. *Wemple*, 61 Hun, 64; *People ex rel. Lorena Co.* v. *Morgan*, 55 App. Div. 265; *People ex rel. Panama R. R. Co.* v. *Commissioners of Taxes*, 104 N. Y. 240, 246; Powell's Taxation of Corporations [2d ed.], 295.) The Attorney-General overlooks, however, the fact that there is some competent testimony clearly showing that some of these bills and accounts receivable represent orders received and accepted outside the State upon a price list already approved from New York, which orders were submitted to New York after being thus sold. The ambiguous testimony that goods were sold on a price list supplied from New York *or* subject to approval at New York would not sustain a finding to the effect that all orders were subject to approval at New York. There being some competent testimony to indicate some sales consummated outside the State, it is apparent that the Commission has adopted an unlawful basis for at least a portion of the tax. To that extent the petitioner has met the burden of proof cast upon it and to that extent an error of law is indicated upon the face of the return requiring a rehearing to fix the tax upon a proper basis. If this error of the Commission simply involved the valuation of property shown to be within the jurisdiction of the Commission, a different situation might arise. So far as this particular item of the tax is concerned, the jurisdiction of the Commission was limited to the inclusion of only such bills and accounts receivable as arose from the approval in New York of orders taken outside the State. There being proof indicating that the Commission has over-reached its jurisdiction by including some sales not subject to approval in the State, the determination

should be annulled and the proceeding remitted to the State Tax Commission for a new and further hearing on the merits because of this error of law in making a finding contrary to the evidence. (*People ex rel. Town of Hempstead* v. *Tax Commissioners,* 214 N. Y. 594; Civ. Prac. Act, § 1304, subds. 4, 5.)

All concur.

Determination annulled, with fifty dollars costs and disbursements, and proceeding remitted to the State Tax Commission to proceed in accordance with opinion.