### BRADFORD et al. v. JONES.

No. 23111. March 5, 1935.

Rehearing Denied Feb. 6, 1935.

Application for Leave to File Second Petition for Rehearing Denied Feb. 27, 1935.

Roger L. Stephens and Fred L. Hoyt, for plaintiffs in error.

Jno. B. Harrison, for defendant in error.

OSBORN, V. C. J. This action was filed in the district court of Oklahoma county by Willis Jones, as plaintiff, against W. A. Bradford, D. L. Bradford, and Owen F. Renegar, as defendants, to cancel certain instruments and quiet title to lots 9, 10, and 11, block 4, Reno addition to Oklahoma City, Okla. On application of defendants, the Classen Company and A. B. McDonald were made parties defendants. The cause was tried to the court and judgment rendered in favor of plaintiff, from which defendants have appealed. The parties will be referred to as they appeared in the trial court.

On January 22, 1921, J. L. Trentman, being the owner of the property involved, entered into a contract with the defendant W. A. Bradford to convey the said lots to him. Said contract in part provided:

"This Agreement Witnesseth: That J. L. Trentman, of Wichita, Kansas, hereinafter designated as the Seller, hereby agrees to sell and convey to W. A. Bradford, of Oklahoma City hereinafter designated as the Buyer, upon the terms and conditions hereinafter expressed.

"Lot No. 9-10-11. Block 4, Reno Addition Avenue. As recorded in the register office of Oklahoma county, Oklahoma, and the Buyer hereby agrees to pay to the Seller for said lot the sum of three hundred & fifty-seven dollars ($357.00), payable three dollars ($3.00) cash, then one 50/100 dollars ($1.50) per week in advance until said purchase price is paid in full without interest for the first two years; after two years from this date all deferred payments that then remain unpaid shall bear interest at the rate of six per cent. per annum. Interest to be paid semi-annually.

"Second: It is agreed that when the said purchase price and all special assessments or taxes, should any be levied, have been paid the Seller will execute to the Buyer a warranty deed, conveying, said lot free and clear of all encumbrance together with a printed copy of an abstract brought down to date and certified to by a reputable abstractor.

"Fifth: If such special assessments be not paid when due, or if the weekly or monthly payments shall be more than eight weeks delinquent (except in case of sickness, as hereinbefore provided), the Seller may, at his option. either declare the entire balance of the purchase price due and collectible, or he may rescind this contract to sell and convey said lot or lots and take possession thereof at his option; and in the event of such rescission, all payments already made by the Buyer shall be taken and retained by the Seller, not as penalty, but as and for liquidated damages for the breach of this contract. but failure or delay to

exercise said option at the time of any default shall not be or operate as a waiver of the right to exercise such option at any time thereafter at his option."

About a year after the date of the above contract, W. A. Bradford married Alice Bradford. The plaintiff, Willis Jones, is the son of Alice Bradford and the stepson of W. A. Bradford. These parties moved upon the property and lived thereon until about October 3, 1923. About that time W. A. Bradford moved to Arizona, leaving his wife and stepson in Oklahoma City. At that time he had paid on the contract the sum of $169.50. On the 1st day of May, 1924, the above property was transferred by Trentman to the Classen Company subject to the outstanding contract. After W. A. Bradford moved to Arizona he made no further payments, and by agreement with the Classen Company, Alice Bradford continued to make payments on the contract, aggregating $111.50. Alice Bradford died on August 8, 1925. Thereafter plaintiff, Willis Jones, continued with the payments. When plaintiff was 19 years of age, by proper proceedings in the district court his majority rights were conferred upon him, and in another action in the district court, wherein he was plaintiff and the Classen Company was defendant, the court ordered that a deed issue to him upon payment of the balance due on the contract to the property herein involved. In pursuance of said judgment and on May 2, 1930, the Classen Company conveyed said property to him by warranty deed.

Thereafter the property became valuable for oil, and on July 25, 1930, W. A. Bradford, who had been a resident of Arizona continuously since October 3, 1923, executed a power of attorney to his brother, the defendant D. L. Bradford, and joined by his brother executed a contract to Owen F. Renegar, defendant, conveying to him a one-half interest in the property herein involved for his contemplated services as attorney in clearing the title to the property. Both instruments were recorded, and the purpose of this action is to have said instruments canceled and set aside as clouds upon plaintiff's title.

The trial court made and included certain findings in the journal entry of final judgment which are in part as follows:

"The court further finds that W. A. Bradford entered into a contract to purchase above-described real estate with the Trentman Company and that afterwards the Trentman Company assigned contract to Classen Company on or about the 1st day of May, 1924, and that since which time W. A. Bradford never made any payments on said contract to purchase real estate, conditions of which were to be performed in the future, and that conditions precedent to said contract was that installments be made when they became due, and the court finds that no payments were made by W. A. Bradford to the Classen Company, nor did he pay any of the taxes, and that W. A. Bradford left the state of Oklahoma during the month of October, 1924, and that shortly afterwards he wrote a letter to his wife, Alice Bradford, in which he stated that he did not want the real estate and if she wanted it to make payments thereon, which she did, and the name of Alice Bradford was substituted for that of W. A. Bradford by the Classen Company as the purchaser of the above described real estate, and that Alice Bradford made payments on contract to purchase real estate up to the time of her death, which occurred on the 9th day of August, 1925, and that at the time of her death there were installments due, and that after her death Willis Jones made all of the payments due on said contract to purchase real estate in future, and that in pursuance of said payments the Classen Company issued a warranty deed to Willis Jones, the plaintiff herein

"The court further finds from the evidence that W. A. Bradford abandoned his contract to purchase real estate by assignment of his claim of right to Alice Bradford and by his failure to make installment payments when they became due and by being absent from the state of Oklahoma for seven (7) years, being a resident of the state of Arizona, not exercising any rights of possession, nor paying any of the taxes and by contracting a bigamous marriage eleven (11) months prior to the death of Alice Bradford, from whom he had never been divorced.

"The court also finds from the evidence that Alice Bradford had only a claim of right to purchase real estate in question in future and that by her failure to keep installments paid she did not acquire any title to said real estate at the time of her death, and that the plaintiff herein, Willis Jones, being substituted by the Classen Company as purchaser of the real estate, made and performed all the conditions precedent provided in said contract to purchase real estate in the future by making all the payments due thereon. The Classen Company issued warranty deed to Willis Jones, the plaintiff herein, who the court finds is now the legal and equitable owner

of real estate in controversy, as herein described."

There is a sharp conflict in the evidence relating to the assignment of the contract from W. A. Bradford to Alice Bradford. Plaintiff's witnesses testified from memory as to the contents of a letter from Bradford to his wife in which it was purported that he had relinquished his claims under the contract and gave his consent that she should continue with the payments and take title to the lots when they were paid out. Defendant expressly denied that he wrote such letter. As we view it, however, the issue is immaterial, except in so far as it relates to the intention of Bradford to abandon the contract.

In the case of Parks v. Classen Company, 156 Okla. 43, 9 P. (2d) 432, this court was concerned with a contract practically identical with the contract involved herein. In construing the nature of the estate which was claimed under said contract, the court said:

"A mere contract or covenant to sell and convey real estate at a future time on condition that the purchaser perform certain acts or make certain payments does not, of itself, create an equitable title in the purchaser."

Defendant W. A. Bradford contends that, in view of the rights vested in him by the contract, when plaintiff secured a warranty deed to the property he took the same impressed with a trust in favor of said defendant. Said contention is wholly without merit. Under the terms of the contract, defendant could obtain no legal title to the property until he had paid the full consideration. Under the rule announced in Parks v. Classen, supra, he had no equitable title. The trial court found that he had abandoned the contract by failure to make the payments on the contract; by the failure to pay taxes on the property and by failure to make inquiry in reference to said property for a period of seven years. The fact that defendant abandoned his wife and stepson in Oklahoma and lived in Arizona are also facts showing evidence of an intention to abandon the contract. All of these facts are sufficient to take the case out of the rule that where a party obtains the legal title to property by fraud or in any unconscientious manner so that he cannot equitably retain it against the rightful owner, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it.

It is claimed by defendant W. A. Bradford that in the event this court rules he is not entitled to full title to the property, he is at least entitled to an undivided one-half interest as an heir of Alice Bradford, which claim is also without merit. At the time of her death Alice Bradford held neither the legal nor equitable title to the property, and the trial court so found.

It is true that only a minor portion of the consideration provided in the contract was paid by plaintiff, but under the facts in this case W. A. Bradford was not in position to raise this issue. Only the Classen Company could take advantage of such situation. It appears that in a prior action between plaintiff and the Classen Company the issue was settled in plaintiff's favor. That judgment has become final.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. BUSBY and WELCH, JJ., absent.