## BOARD OF EQUALIZATION OF OKLAHOMA COUNTY v. BONNER.

No. 29072.    Sept. 12, 1939.

Lewis R. Morris, Co. Atty., B. C. Logsdon, Asst. Co. Atty. for plaintiff in error.

Spiers & Bodovitz, for defendant in error.

HURST, J. This appeal is from a judgment reversing the action of the board of equalization of Oklahoma county, which denied a claim for homestead exemption filed by Bonner, as to certain lands owned, but not actually resided upon, by him. The claim for homestead exemption was based upon intent to occupy as a homestead at some undetermined future date. The agreed facts were that Bonner had never resided on this land, but was operating, through tenants or employees paid partly in cash and partly in crops, a truck farm thereon. The district court held the claim of exemption as homestead valid, and the board of equalization appeals, asserting that the stated facts do not entitle Bonner to tax exemption under the constitutional and statutory provisions authorizing same.

Under article XII-A of our Constitution it is provided that "all homesteads as is or may be defined under laws of the state of Oklahoma for tax exemption purposes, may hereafter be exempted from all forms of ad valorem taxation by the Legislature. * * *" Pursuant to the authority therein plainly granted, the Legislature, by article 1, sec. 1, ch. 66, Sess. L. 1936-1937 (68 Okla.

St. Ann. § 33), defined the homestead upon which such tax exemption may be claimed to "* * * mean and include the actual residence of a natural person who is a citizen of the state of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon. * * *"

This statute vitalized and carried into effect the constitutional authorization contained in article XII-A to define homesteads for tax exemption purposes and exempt therefrom such as were entitled thereto under the legislative definition. The statute plainly provides that *actual* residence upon the land sought to be exempted by the actual record owner thereof is an essential prerequisite to the right to tax exemption. The exemption statute is to be strictly construed against the exemption. Oklahoma City v. Shields (1908) 22 Okla. 625. 100 P. 559; Wenner, County Treas., et al. v. Mothersead et al. (1927) 129 Okla. 273, 264 P. 816; Home Bldg. & Loan Ass'n v. State (1931) 156 Okla. 89, 9 P.2d 731. And where the language is plain and unambiguous, there is no room for construction. First Nat. Bank of Anadarko v. Mills (1928) 134 Okla. 186, 272 P. 840; McCain v. State Election Board et al. (1930) 144 Okla. 85, 289 P. 759. We therefore conclude that under the agreed facts the land involved was not a homestead within the purview of the tax exemption statute.

Reversed.

All the Justices concur.