DAIRY QUEEN OF OKLAHOMA, Inc., v. OKLAHOMA TAX COMMISSION.

No. 34576.   Dec. 11, 1951.

*238 P. 2d 800.*

Charles Dunn, Tulsa, for plaintiff in error.

R. F. Barry, W. F. Speakman, and E. J. Armstrong, Oklahoma City, for defendant in error.

BINGAMAN, J. This is an appeal by Dairy Queen of Oklahoma, Inc., an Oklahoma corporation, from an order of the Oklahoma Tax Commission making an assessment of use tax on certain machinery and equipment purchased outside the State of Oklahoma and brought into the state, for a period beginning March, 1948, to August, 1949, inclusive. Appellant paid the tax under protest and perfected this appeal.

The facts are stipulated, and are as follows: Dairy Queen purchases certain freezing machines outside the State of Oklahoma and brings them into the state. These machines it leases to other parties under licenses or · franchise agreements whereby the licensee is given authority to operate the machine and sell the product, which is similar to ice cream, at retail within a certain specified territory within the state. The licensee agrees to pay a royalty for each gallon of mix used in the machine, to furnish a suitable location subject to the approval of the company, at which he will sell the product, and agrees to buy the mixture to be frozen by the machine from a source of supply which is approved by the company. It is stipulated that the principal business of the licensee is the retail sale of the products of the freezing process in which the freezer is used. It is stipulated that the company owns and operates two stores in Tulsa, Oklahoma, that four of the machines involved in the assessment are used in these stores, and that the chief business of the two stores is the retailing of the products of the freezers used in the stores. While the stipulation does not recite the number of machines involved, the commission, in its order, found that the company had purchased and brought into the state 60 freezers, all of which, with the exception of the four used in the operation of its retail establishments in Tulsa, were operated by licensees of Dairy Queen in various locations within the state, under the franchise system operated by it. The commission found that Dairy Queen was not primarily engaged in the manufacture of Dairy Queen products and was not operating a manufacturing or processing plant and that therefore the machinery so brought into the state and used was not exempt from the use tax. The parties agree that there is no dispute regarding the correctness of the amount of the proposed assessment if a tax is due.

The sole contention made by Dairy Queen, before the Tax Commission and before this court on appeal, is that it is operating a manufacturing or processing plant as that term is used in 68 O. S. Supp. 1947 §1310c, subd. (d), which exempts property so used from the operation of the use tax law. Subdivision (d), relied upon by Dairy Queen, reads as follows:

"The provisions of this Act shall not apply: _____ (d) In respect to the use of machinery and equipment purchased and used by persons establishing new manufacturing or processing plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; provided, this exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under the Sales Tax Act. The term 'manufacturing plants' shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such."

While appellant urges that statutes authorizing the levying of taxes are to

be construed in the taxpayer's favor, citing Rollins v. Heuman, 171 Okla. 435, 43 P. 2d 147, and Campbell v. Cornish, 163 Okla. 213, 22 P. 2d 63, we are committed to the rule that statutes exempting property from taxation are to be strictly construed against the exemptions, Board of Equalization of Oklahoma County v. Bonner, 185 Okla. 431, 93 P. 2d 1077, and authorities therein cited. When the statute is thus construed it clearly appears that appellant is not a manufacturer and has not established a manufacturing or processing plant in which the machinery is used.

In 55 C. J. S., p. 672, §1b, the word "manufacturer" is defined in broad terms as meaning "one who processes raw material; one engaged in making materials, raw or partly finished, into wares suitable for use." The authority further states that all persons manufacturing articles are not to be classed as manufacturers, but rather only those who manufacture articles of trade as the principal part of their business.

In Chicago, M. St. P. & P. R. Co. v. Custer County, 96 Mont. 566, 32 P. 2d 8, the Supreme Court of Montana lays down a similar rule, citing numerous authorities in support thereof. It further states that where a person engaged in business other than manufacturing incidentally manufactures something used in his regular business, his business is not thereby transformed into a manufacturing business, citing authorities. The definition of manufacturing or manufacturer above stated, has been approved by this court in Cain's Coffee Co. v. City of Muskogee, 171 Okla. 635, 44 P. 2d 50.

Measured by this rule it clearly appears that appellant is not a manufacturer. It does not use the machinery which it purchases and brings into the state for the purpose of manufacturing or processing, but rents or leases these machines to others, who use them to make a product resembling ice cream, which they sell at retail to their customers. This leasing of the machines to other parties on a royalty basis is the principal, primary and practically exclusive business of appellant. As to the use of the four machines in its Tulsa stores, such use is so incidental to its real business of retailing its merchandise that it cannot be successfully contended that such use of those machines makes appellant a manufacturer.

The object of this exemption was undoubtedly to encourage manufacturing industries to locate in the state, and the exemption in our judgment has no application to a business such as that conducted by appellant.

Affirmed.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, and O'NEAL, JJ., concur. WELCH and GIBSON, JJ., dissent.