Helen M. FORSTON, County Assessor, Grady County, Oklahoma, Plaintiff in Error,

v.

May HEISLER and County Board of Equalization of Grady County, Oklahoma, Defendants in Error.

No. 39176.

Supreme Court of Oklahoma.

Aug. 1, 1961.

Barney and Pain, Anadarko, for plaintiff in error.

Harry Hammerly, Chickasha, for defendant in error, May Heisler.

E. J. Armstrong and Moses Frye, Oklahoma City, for Oklahoma Tax Commission.

DAVISON, Justice.

This is an appeal on the original record by the County Assessor of Grady County, Oklahoma, from a judgment of the District Court granting to May Heisler the maximum $1,000 homestead exemption credit on the assessed valuation (68 O.S. 1951 § 33 et seq., as amended) of certain real estate in Chickasha, Oklahoma, for the year 1957. This matter was the subject of a prior appeal (Forston, County Assessor v. Heisler, Okl., 341 P.2d 252) on a question other than here presented.

The matter was submitted to the trial court on a stipulation of facts, which were in substance, that by deed recorded prior to December 31, 1956, the said property was conveyed to May Heisler and Percilla Lee Lamar as joint tenants and not as tenants in common, with full rights of survivorship; that the full purchase price was paid solely by May Heisler without contribution from Percilla; that May Heisler continuously occupied the property as her homestead and that Percilla resides in her own home and not on the subject property; that Percilla is the only child and sole heir of May Heisler and that Percilla's name was placed in the deed as a joint tenant in order to vest the title in her upon the death of May Heisler, without resorting to the usual probate administration proceedings. It was further stipulated that the total assessed valuation of the property was $1,200 and that the application for homestead exemption was allowed by the County Assessor to the extent of $600; that on appeal to the County Board of Equalization that board allowed the full exemption of $1,000.

The County Assessor appealed to the District Court and that court allowed the full exemption of $1,000.

It is urged by the County Assessor that the lower court erred as a matter of law.

Under Section 34 of Title 68 O.S.1951, of the Homestead Exemption Act, it is provided that each homestead, as defined in the Act, shall be exempted from all forms of ad valorem taxation to the extent of $1,000 of the assessed valuation thereof.

Section 33 of the Act in defining homesteads entitled to the exemption states as a requirement " * * * provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon * * *". In another part of said Section 33, an exception is made in favor of the surviving spouse and minor children of a deceased record owner and then states " * * * but in all other cases the deed or other evidence of ownership must be of record in the office of the County Clerk on January 1st in order for any person to be the record owner. * * "

It was stipulated that in 1936 (date of initial adoption of the Homestead Exemption Act) and again in 1956, the Oklahoma Tax Commission, for the benefit of County Assessors, prepared rules of interpretation

of the Act relative to exemption in favor of a record owner of an undivided interest and who was otherwise entitled to the exemption benefits. The interpretation was that the exemption was available to such owner to the extent that the assessed valuation was attributable to the undivided interest. Under the present circumstances the County Assessor took one-half of the assessed valuation of $1,200 and allowed May Heisler an exemption of $600.

The stipulated intent and effect of the deed was to create a joint tenancy in order to vest all of the title in Percilla upon the death of May Heisler and avoid the regular administration proceedings. Conversely, it was evidently the intent of May Heisler that full title would vest in her, as surviving joint tenant, in the event Percilla predeceased her. We can only conclude that the estate created was that described in Title 60 O.S.1951, § 74, which states in part:

"A joint interest is one *owned* by several persons in either real or personal property *in equal shares,* being a joint title created by a single instrument, will or transfer when expressly declared in the instrument, will or transfer to be a joint tenancy, * * " (emphasis ours).

May Heisler cannot avail herself of the benefits and deny the grounds from which the benefits arise. She is record owner of only a one-half interest in the property.

In the prior appeal, Forston, County Assessor v. Heisler, supra, we said the Act extended an exemption to a *particular* class of people. Section 33 of the Act, supra, not once but twice, requires that the actual ownership be of record. It is a prerequisite to the right to tax exemption. The language of the statute is clear and unambiguous. The wisdom of such requirement is evident. The present case is proof of the confusion that would otherwise arise from the many situations and contentions that would be presented to county assessors as being grounds for the exemption.

The contention of May Heisler bears some resemblance in principle to that made in Board of Equalization of Oklahoma County v. Bonner, 185 Okl. 431, 93 P.2d 1077. In that case the owner sought to substitute intent to occupy the land as a homestead at some future date for the requirement of the statute that the owner reside and be domiciled thereon. We denied such contention. Therein we stated the exemption statute is to be strictly construed against the exemption. We also held that where the language of the statute is plain and unambiguous, there is no room for construction thereof. See also Dairy Queen of Oklahoma, Inc. v. Oklahoma Tax Commission, 205 Okl. 473, 238 P.2d 800.

May Heisler contends that under the circumstances Percilla was a trustee of a resulting trust. She also contends that there was no transfer of title by gift to Percilla because there was no delivery. We will not discuss or decide either of these contentions. They involve the status between May Heisler and Percilla and not the status of May Heisler under the provisions of the Act prescribing the prerequisites to tax exemption. Both contentions overlook the statutory requirement that the ownership be of record.

It is our conclusion that the lower court erred in allowing May Heisler the $1,000 exemption. We further conclude that the County Assessor was correct in fixing the amount of the exemption at the sum of $600.

Judgment reversed and remanded with directions to render judgment for Helen M. Forston, County Assessor, allowing May Heisler a homestead exemption of $600.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.

HALLEY, J., dissents.