HOMESTEAD EXEMPTION APPLICATION — CANNOT BE BASED ON CONTRACT TO PURCHASE REAL ESTATE A contract to purchase real estate is not sufficient evidence of ownership to support an application for homestead exemption. The doctrine of after-acquired property does not create title in the purchaser at a later date based merely on a contract of purchase. The Attorney General has considered your request for an opinion involving a situation wherein property owners are making applications for homestead exemptions based upon contracts to purchase real estate. In your letter of May 20, 1971, you state: "This problem is this: Application for homestead exemption from ad valorem taxes upon real estate has been made by certain persons claiming to be the owners of the property concerned. Their application for homestead exemption is based upon a contract to purchase the real estate in which the purchaser is the applicant for homestead exemption but the seller named in the contract is a realty company which is a stranger to the title of the property. The contract was recorded on December 30, 1970; later, sometime after the first of the year, the realty company actually did receive a deed to the property from the former owner and actually did give their own deed to the purchaser named in the contract. However, neither of these deeds was recorded prior to January 1, 1971. "Our questions are these: (1) Is a contract for sale from a stranger to the title sufficient `evidence of ownership' that will support an application for homestead exemption? (2) Does the after-acquired property doctrine operate so as to make the contract purchaser the `record actual owner' of the property on the basis of the contract from a stranger to the title which was recorded prior to January 1?" Title 68 O.S. 2406 [68-2406] (1970), states in part: "The term homestead, as used in Section 2408 through 2419 of this Code, shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon; . . . The surviving spouse and minor children of the deceased person shall be considered record owners of the homestead where the title is in the name of the deceased; but in all other cases the deed or other evidence of ownership must be of record in the office of the County Clerk on January 1st in order for any person to be the record owner. . ." (Emphasis added) As stated, homestead as used in the above statute relating to ad valorem taxes refers to the residence of a person who is an Oklahoma citizen, and is vested with record actual ownership. The evidence of this record of actual ownership must be on file January 1, 1971. Ownership is defined by Black's Law Dictionary, Revised Fourth Edition, 1968, as follows: "The complete dominion, title, or proprietary right in a thing or claim." In the case of Burdett v. Burdett, 26 Okl. 416,109 P. 922 (1910) the Oklahoma Court quoted on pages 926, 927, as follows: ". . .as used in this connection, to die `owner' of or with `title' to personalty, it is to die `seized' thereof, and these terms may be regarded in effect to mean one and the same thing. . ." The Court quoted approvingly from Black's Dictionary and said that "owner" is the person "in whom is vested the ownership, dominion, or title, of property." And from Webster's Dictionary, defining "owner" as "one who owns; a rightful proprietor; one who has the legal or rightful title, whether he is the possessor or not." In the light of which we think it may be safely said that under the statute, supra, a widow is entitled to be endowed of any personal property belonging to her husband at the time of his death or of which at that time he was the "owner", or to which he was entitled, or, to speak nicely, in which he died vested of title." "Title" is defined by Black's Law Dictionary, Revised Fourth Edition (1968), as: "The union of all the elements which constitute ownership. Full, independent and fee ownership — the right to or ownership in In the case of Meinders v. Board of Education of Wynnewood School District I-8, Okl. 344 P.2d 572, on page 573, the Court quoted the case of Skelly Oil Co. v. Kelly,134 Kan. 176, 5 P.2d 823 as follows: "`The word title has a variety of meanings. It sometimes connotes the means by which property in land is established, as in the expression `chain of title.' It sometimes means `property' or `ownership' in the sense of the interest one has in land. A common meaning is complete ownership, in the sense of all the rights, privileges, powers, and immunities an owner may have with respect to land." Record, actual ownership referred to in the statute means title or record title. In other words, the applicant must have record title to the property, and this record title must be on file no later than January 1, 1971. A "perfect title" is one free from litigation, palpable defects, and grave doubts, and consists of both legal and equitable title fairly deducible of record. See Campbell v. Harsh,31 Okl. 436, 122 P. 127 (1912): "`Merchantable title' is synonymous with `perfect title' or `marketable title', and is one free from litigation, palpable defects, and grave doubts, and consists of both legal and equitable title fairly deducible of record." See Pearce v. Freeman,122 Okl. 285, 254 P. 719 (1927). In Hawkins v. Wright,204 Okl. 55, 226 P.2d 957 (1951), the Court quoted on page 961 the case of Sipe v. Greenfield, 116 Okl. 241,244 P. 424, 425, as follows: ". . .A good title means not merely a title valid in fact, but a marketable title which can again be sold to a reasonable purchaser or mortgaged to a person. . ." In the case of Bradford v. Jones,170 Okl. 636, 41 P.2d 857 (1935), the Court held in syllabus 1: "A mere contract to sell and convey real estate at a future time on condition that the purchaser perform certain acts or make certain payments does not, of itself, create an equitable title in the purchaser." Where the vendor does not have ownership, he cannot transfer ownership. In the case of Iowa Land Trust Co. v. U.S., 217 F.2d 11, 133 C.C.A. 121 (C.C.A. Okl., 1914), the Court held on page 13: "The equitable doctrine of a bona fide purchaser without notice does not apply where there is a total absence of title in the vendor. The good faith of the purchaser cannot create a title where none exists." In the case of Bd. of Commr's of Oklahoma County v. Young, 186 Okl. 182,97 P.2d 6 (1940), the Court held in syllabus 4: "The grantee of a deed void ab initio, having no title, cannot claim protection as a bona fide purchaser." To have good title, or actual record ownership, as required by the statute, the title must be perfect, marketable or merchantable as defined above. Certainly, a conveyance from a purported grantor, who is not even in the record chain of title, would raise "grave doubts" and would appear to be "palpably defective". Legal and equitable title definitely could not be deducible of record. If the purported grantor does not have good title, he obviously cannot pass or convey good title. In the case of Board of Equalization of Oklahoma County v. Bonner, 185 Okl. 431,93 P.2d 1077 (1939), held in its Note 1: "The homestead exemption statute must be strictly construed against the exemption." The language in this case would make it the burden of the applicant to fully comply with the strict requirements of the statute, which would include furnishing evidence of actual record ownership, or title, by January 1, 1971. The filing of a contract to purchase from a stranger to the title would create serious doubts, and would obviously create doubt in the record, and thus is not sufficient to bestow title or ownership, and therefore, will not support an application for a homestead exemption. Considering next your second question, we must determine when the doctrine of after-acquired title is applicable. Oklahoma recognizes the doctrine entitled Title 16 O.S. 17 [16-17] (1961). To take advantage of this doctrine, there first must be some type of valid conveyance to form the basis of the title acquired later. Title 16 O.S. 4 [16-4] (1961), sets forth the requirements of a conveyance as follows: "No deed, mortgage, or other conveyance relating to real estate. or any interest therein, other than for a lease for a period not to exceed one (1) year, shall be valid until reduced to writing and subscribed by the grantors; . . ." In the case of Lynch v. Franklin, 37 Okl. 60, 130 P. 599 (1913) held: "The `doctrine of relation' as found in section 642, Mansfield Dig. of Ark., cannot be invoked in this case, for it was not only necessary to pass title to subsequently acquired property that the contract at the time of its execution must be valid, but also the property sought to be conveyed must be alienable, and the grantor must have the right to execute the same, none of which conditions existed in this case." In this case, it is apparent that the purported grantor had no right to pass title before January 1, 1971. In the case of Bradford v. Jones, supra, held that a contract to sell real estate does not create title. In addition, the grantor can convey only what title he has, and if he does not have title, he can transfer none. In the case of Atkinson v. Barr, Okl., 428 P.2d 316 (1967), held in syllabus No. 2: "A quit claim deed in substantially the form provided by Title 16 O.S. 1961 51 [16-51], conveys only such interest and title as the grantor owned at the time of the execution of the deed and does not convey subsequently acquired title, and grantor does not covenant to convey perfect title." Thus, if a quit claim deed does not convey after acquired title, a fortiori a contract to purchase real estate would not convey after-acquired title. Again, we must go to the case of Board of Equalization of Oklahoma County v. Bonner, supra, which states that the homestead exemption should be strictly construed against the exemption. In other words, the applicant must comply in full with the provisions of Title 68 O.S. 2406 [68-2406] (1970), which requires actual record ownership of title to the property being on file as of January 1, 1971. In this case, the purchaser apparently was not vested with actual record ownership as of January 1, 1971. The doctrine of actual acquired title would not bestow title to the purchaser based upon the contract to purchase real estate. It is, therefore, the opinion of the Attorney General that Questions No. 1 and No. 2 be answered in the negative. A contract for sale from a stranger is not sufficient evidence of ownership to support an application for homestead exemption. The doctrine of after-acquired property would not create title in the purchaser at a later date based merely on the contract to purchase. (Todd Markum)