HOMESTEAD EXEMPTION
A spouse and adult child having a joint tenancy wherein the spouse lives in the home and the child lives elsewhere, said spouse would only be entitled to that portion of such maximum exemption which his or her interest bears to the whole providing that said individual is otherwise qualified to take advantage of the homestead exemption. An individual owning one-quarter interest in a joint tenancy homestead would get only that amount of homestead exemption as to that portion of such maximum exemption which his interest bears to the whole. Providing such individual would qualify under the terms of 74 O.S. 2407.1 [74-2407.1] (1974), that individual would be entitled to only that portion of such maximum exemption which his interest bears to the whole providing he is otherwise qualified as being entitled to a homestead exemption. The Attorney General's office is in receipt of your opinion request wherein you ask, in effect, the following three questions: 1. Would a spouse get a full homestead exemption where the spouse and adult child have a joint tenancy and the spouse lives in the home and the child lives elsewhere. 2. Would an individual owning one-quarter interest in joint tenancy in a home and living in a home get a full homestead exemption? 3. Under the new law, would either of the above get a double homestead exemption? Title 68 O.S. 2406 [68-2406] (1974), as amended, defines homestead. Section 68 O.S. 2406 [68-2406] states: "The term homestead, as used in Sections 2408 through 2419 of this Code, shall mean and include the actual residence of a natural person who is a citizen of the State of Oklahoma, provided the record actual ownership of such residence be vested in such natural person residing and domiciled thereon; provided that any single person of legal age, married couple and their minor child or children, or the minor child or children of a deceased person, whether residing together or separated, or surviving spouse shall be allowed under this act only one homestead exemption in the State of Oklahoma. Provided, however, that no person or the family of such person shall be required to be domiciled thereon if such person is in the armed service of the United States in time of war or during a state of national emergency as declared by the Congress or the President of the United States, and such person shall not be required to be domiciled thereon in order to assert or claim the exemption provided in the following section, and such exemption may be claimed by any agent of, or member of the family of, such person. The surviving spouse and/or minor children of a deceased person shall be considered record owners of the homestead where the title of record in the office of the county clerk on January 1 is in the name of the deceased; but in all other cases the deed or other evidence of ownership must be of record in the office of the county clerk on January 1 in order for any person to be qualified as the record owner; provided, however that a natural person actually owning, residing and domiciled in the residence on January 1 shall be deemed to be the record owner thereof on January 1, within the meaning of this section, if his deed or other evidence of ownership, executed on or before said January 1, be of record in the office of the county clerk on or before February 1 immediately following. A rural homestead shall not include more than one hundred sixty (160) acres of land and the improvements thereon; and an urban homestead shall not include any land except the lot or lots, or the unplatted tract upon which are located the dwelling, garage, barn and/or other outbuildings-necessary or convenient for family use. "The term rural homestead as used herein shall mean and include — any homestead located outside a city or town or outside any platted subdivision or addition. "The term urban homestead as used herein shall mean and include any homestead located within any city or town whether incorporated or unincorporated, or located within a platted subdivision or addition whether such subdivision or addition be a part of a city or town; provided, that in no case shall an urban homestead exceed in area one (1) acre." The answer to question one was answered in the case of Forston v. Heisler, 363 P.2d 949
(1961) where the issue before the Court was whether an individual, holding property in joint tenancy with another, and living on the same; the other joint tenant living elsewhere and not upon the claimed property, could take advantage of the entire homestead exemption, where the joint tenant claiming the exemption had paid the full purchase price of the property claimed as homestead. The Court found that the District Court had erred in giving the claimant a full homestead tax exemption. The Court stated: "It was stipulated that in 1936 (date of initial adoption of the Homestead Exemption Act) and again in 1956, the Oklahoma Tax Commission, for the benefit of county assessors, prepared rules of interpretation of the act relative to exemption in favor of a record owner of an undivided interest and who was otherwise entitled to the exemption benefits. The interpretation was that the exemption was available to such owner to the extent that the assessed evaluation was attributable to the undivided interest. Under the present circumstances the county assessor took one-half of the assessed evaluation of $1,200.00 and allowed May Heisler an exemption of $600.00." Since the claimant was record owner of only a one-half interest in the property, she could avail herself of only one-half of the assessed valuation up to the maximum of the assessed valuation of the property. The above quoted case decision supports an opinion of the Attorney General issued February 16, 1945, which held that only the maximum exemption of $1,000.00 is allowable and each tenant owning an undivided interest in the property is entitled only to that portion of such maximum exemption which his interest bears to the whole. In answering your specific question we reaffirm the previous opinion. Therefore, in answering your first question, if the mother, by being actually domiciled on the claimed property and otherwise entitled to claim the exemption as required by the statute, would be entitled to one-half the exemption based upon the maximum assessed valuation of the property. The answer to your first question will also serve to answer your second question in that if a party owns a one-quarter interest in a homestead and is living thereon, he is entitled to that portion of the exemption by which his interest bears to the whole provided he is actually residing thereon and is otherwise qualified to claim the exemption as required by statute. As to your third question, 68 O.S. 2407.1 [68-2407.1] (1974) provides for additional homestead exemption in relief for persons with certain incomes. Section 68 O.S. 2407.1 [68-2407.1] states: "A. In addition to the amount of the homestead exemption authorized and allowed in Sections 2406 through 2419 of Title 68, Oklahoma Statutes, an additional exemption is hereby granted to the extent of One Thousand Dollars ($1,000.00) of the assessed valuation on each homestead of heads of households whose gross household income from all sources for the preceding calendar year did not exceed Four Thousand Dollars ($4,000.00). The term gross household income as used in this section means: The gross amount of income of every type, regardless of the source, received by all persons occupying the same household, whether such income was taxable or nontaxable for federal or state income tax purposes, including pensions, annuities, federal social security, unemployment payments, veterans disability compensation, public assistance payments, alimony, support money, workmen's compensation, loss of time insurance payments, capital gains and any other type of income received; and excluding gifts. The term head of household as used in this section means: A person who as owner or joint owner maintains a home and furnishes his own support for said home, furnishings and other material necessities. "B. The application for such additional homestead exemption shall be made each year before March 15 on the form prescribed by the Oklahoma Tax Commission which shall require the taxpayer to certify as to the amount of gross income. Upon request of the county assessor, the Tax Commission shall assist in verifying the correctness of the amount of said gross income." It is therefore clear that the additional exemption would apply to "heads of households" as defined whose gross income did not exceed Four Thousand Dollars ($4,000.00) as provided in the statute. If a person, as joint owner, met the income requirements as stated above and complied otherwise with the definition of head of household, said person would be entitled to that portion of the additional exemption as his interest bears to the whole. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: As to question one, a spouse and adult child having a joint tenancy, wherein the spouse lives in the home and the child lives elsewhere, said spouse would only be entitled to that portion of such maximum exemption which his or her interest bears to the whole providing that said individual is otherwise qualified to take advantage of the homestead exemption. As to question two, an individual owning one quarter interest in a joint tenancy homestead would get only that amount of homestead exemption as to that portion of such maximum exemption which his interest bears to the whole. As to question three, providing such individual would qualify under the terms of 74 O.S. 2407.1 [74-2407.1] (1974), that individual would be entitled to only that portion of such maximum exemption which his interest bears to the whole providing he is otherwise qualified as being entitled to a homestead exemption. (Donald B. Nevard)